IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT JAMES WALKER, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-90 |
| FNU SHIELDS, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Robert James Walker, Jr., a pretrial detainee confined at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants FNU Officer Shields, FNU Officer Broussard-Lewis, Officer D. Prescott, Jefferson County Sheriff Department, and Jefferson County Correctional Facility.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff filed the above-referenced complaint on March 2, 2021, complaining of the following:

> Approximately at 9:45 a.m. during Officer Shields rounds she started talking about me having an extra blanket so I replied that her L.T. Minard came in and gave us the extra blankets so she got very mad and said that she would slap the shit out of me and I needed to stay on my bunk the remainder of her shift and also I was going to get a write up so I did as she asked me and stayed on my bunk but heres [sic] the problems for one she threatened me by saying that she would slap me this is against the law by her being an officer of the law she should know she broke the law she should be professional and uphold the law and know her position as a law abiding sitizen [sic] second she never physically wrote me a case but she typed in the computer system which was confirmed by another officer she could not do and who notified me that she should have and was supposed to physically write me a case if it was actually a true

>statement of what she said I done but she never did write a case on me which shows in all actuality what she wrote was a lie and also slander and defimation [sic] of character which is also another law being broken so now she typed in the computer stating I yelled out fuck you and also said I was insighting [sic] a riot now this will go in my records to the judge and also im [sic] filing a lawsuit and contacting Texas Commission of Jail standards this is abuse of authority and denial of equal protection of the law and conspirasy [sic] to commit fraud.

>Approximately at 12:30 p.m. I was called out to get my legal work copied by Officer Broussard-Lewis who workes [sic] in the education department as I gave her my legal work to get copies she told me she needed to read my handwritten papers and check to see if it was legal work so she did so and I left and went made copies so apon [sic] arrival at approximately 1:25 p.m. she came back to my dorm and I noticed she walked past me and went to the desk where the other officers were and I noticed Officer Broussard-Lewis Officer Miller and Officer Shields was reading my legal paper work before she called me to come and get them from her.

>Approximately 11 p.m. the named officer put that I was talking however I was sleep and it was another whom was talking this officer stated that he "messed up and put it on the wrong bunk and there is nothing that can change this in computer

Original Complaint (docket entry no. 1). Plaintiff does not specify if he is suing the officials in their individual and/or official capacities and requests that a jury decide what relief he should receive.

## Standard of Review

This complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of claims if the Court finds they are frivolous or malicious or if they fail to state a claim upon which relief may be granted or if they seek monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A claim fails to state a claim upon which relief may

be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

1. *Non-Jural Entities*

Plaintiff sues the Jefferson County Sheriff's Department and the Jefferson County Correctional Facility. In order for an entity to be a party to a lawsuit, the entity must have the capacity to sue or be sued. *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. Jan. 19, 1993). These entities at best are subdepartments of a local governmental entity and do not have a sufficiently separate legal interest to enable them to be named as a defendant in a lawsuit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D. Tex. Jan. 3, 1996) (noting that a Texas county sheriff's department is not a legal entity capable of being sued"); *Turner v. Dallas County Jail*, 2006 WL 1388441 (N.D. Tex. May 17, 2006) (acknowledging that the Dallas County Jail is not a "jural entity that can be sued."). However, as plaintiff is proceeding *pro se*, his claim against the Correctional Facility and Sheriff's Department will be liberally construed as a claim against Jefferson County.

Jefferson County cannot be held liable under 42 U.S.C. § 1983 for the actions of its employees based on a theory of *respondeat superior*. *Monell v. New York Dep't of Social Serv.*, 436 U.S. 658, 691 (1978) (governmental entity). A governmental entity such as Jefferson County may only be held liable for a constitutional violation if the violation is the result of official policy or custom on the part of the entity. *Monell*, 436 U.S. at 691.

3

An official policy or custom can be established in several ways. An official policy may be a policy statement, ordinance, regulation, or decision that has been officially adopted and promulgated by a policymaker. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A policy may also arise from a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id*. Finally, a policy or custom may be considered to exist where the need to take some action is so obvious, and the inadequacy of existing training so likely to result in the violation of constitutional rights, that a municipality's failure to train its employees demonstrates a "deliberate indifference" to the rights of citizens. *City of Canton v. Harris*, 489 U.S. 378, 389-90 (1989).

Plaintiff has failed to identify any policies of Jefferson County which led to the actions described in his complaint. Nor has he alleged that a custom of Jefferson County resulted in this treatment. As a result, plaintiff's claims against Jefferson County fail to state a claim upon which relief may be granted.

2. *Individual Capacity Claims*

To the extent plaintiff intended to sue the defendants in their individual capacities, all the claims against them should be dismissed for the reasons set forth below.

    A. *Violation JCCF Policy*

Plaintiff alleges defendant Shields violated his civil rights by failing to follow county policy on writing and documenting grievances. Fifth Circuit case law is clear that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir.), *cert.*

*denied*, 516 U.S. 860 (1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Even assuming that defendant Shields violated JCCF regulations regarding the grievance procedure, plaintiff has failed to allege a violation of constitutional rights. The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. *Meyers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

### B. Verbal Threats

Plaintiff alleges defendant Shields violated his constitutional rights when she threatened to slap him. The law is clear, however, that mere use of verbal slurs and threats by a prison guard do not rise to the level of a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."). Further, allegations of threats and harassment by a guard do not state colorable civil rights claims and are not actionable under § 1983. *Calhoun v. Hargrove*, 312 F.3d 830, 834 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action.).

### C. Slander/Defamation/Equal Protection/Conspiracy to Commit Fraud

Plaintiff claims defendant Shields slandered and defamed him when she lied and documented plaintiff was in possession of an extra blanket. Claims of slander, defamation and libel generally arise under state tort law and typically lack the constitutional element required to bring suit under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Injury to reputation by false and defamatory statements is not a right protected by due process; as such, it is not cognizable under 42 U.S.C. §1983. *Paul*, 424

U.S. at 712.

Plaintiff makes a vague allegation of an equal protection violation against defendant Shields. The Equal Protection Clause of the Fourteenth Amendment requires that persons similarly situated be treated the same way. *Dudley v. Angel*, 209 F.3d 460, 463 (5th Cir. 2000). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989); *Washington v. Davis*, 426 U.S. 229, 247-48 (1976)). Plaintiff does not identify what protected class he is a member of and offers no facts to support an allegation of intentional discrimination by defendant Shields. Plaintiff's claim of an equal protection violation should be dismissed for failure to state a claim and as frivolous.

Plaintiff also makes a vague allegation of a conspiracy to commit fraud. To establish a conspiracy claim under § 1983, the plaintiff must show that there was an agreement among the alleged co-conspirators to deprive him of his constitutional rights and that such an alleged deprivation actually occurred. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Estate of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991). Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice" to establish a § 1983 conspiracy claim). Plaintiff here does not specify who defendant Shields allegedly conspired with and offers no facts to allege, let alone show, an agreement to conspire. Plaintiff's claim of conspiracy should be dismissed as frivolous and for failure to state a claim.

6

### D. Remaining Defendants

Plaintiff appears to allege defendants Broussard-Lewis and Shields read his legal paperwork. In order to state a violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Plaintiff does not explain, nor can this court discern, how reading plaintiff's legal paperwork is a violation of a constitutional right secured under 42 U.S.C. § 1983. This claim should be dismissed as frivolous and for failure to state a claim.

While plaintiff lists Officer D. Prescott as a defendant, plaintiff offers no factual allegations against him in the body of his complaint. Plaintiff's complaint against defendant Prescott should be dismissed as frivolous and for failure to state a claim.

### Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim as frivolous.

### Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 12th day of April, 2021.

Zack Hawthorn
United States Magistrate Judge